# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Marcus Trevor Bartole, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:15-cv-41 |
| | ) **REPORT AND RECOMMENDATION** |
| Dr. Mark Rodlund, Travis Bullock, Wanda Bear, Alex Schweitzer, Kerry Wicks, Melanie Flynn, Kelly Bauer, Dr. Robert Lisota, Larry Culp, Dr. Rosalie Etherington, Dr. Lynne Sullivan, Dr. Jennifer Krance, Shannon Henderson, Shannon Bratton, Michelle Richardson, Lynnette Himmerick, Candyce Dahnke, Karen Stroh, Karen Marzolf, Nathan Schulte, Randy Switters, Lorrie Carlson, Eugene Ringuette, Brent Pladson, Diana Welk, Terry Weippert, Chad Schultz, State of North Dakota, North Dakota Department of Human Services, North Dakota Department of Corrections and Rehabilitation, North Dakota State Hospital, Isaiah Kronebusch, Clifford Erickson, Archita Patel, Kyle Aldinger, Randy Perkins, and Sheila Kinzler, | ) |
| Defendants. | ) |

Plaintiff Marcus Trevor Bartole (Bartole), proceeding pro se and in forma pauperis, filed suit against governmental actors for alleged violations of his constitutional rights while civilly committed at the North Dakota State Hospital (NDSH). After initial review of Bartole's pleadings under 28 U.S.C. § 1915(e)(2), the court determined Bartole had stated certain facially plausible claims.[1] (Doc. #85; Doc.

---

[1] The court also dismissed certain claims with prejudice and stayed certain claims relating to matters that are at issue in <u>Ireland v. Olson</u>, D.N.D. Case No. 3:13-cv-3, another civil action pending before this court. (<u>See</u> Doc. #85; Doc. #88).

#88).

On June 26, 2017, defendants moved for summary judgment, asserting that Bartole has not shown that defendants violated any of his federal rights and that defendants are entitled to qualified immunity. (Doc. #115; Doc. #116; Doc. #124). Bartole did not respond to the summary judgment motion within the allowed timeframe. On August 2, 2017, this court issued an order to show cause, allowing Bartole until August 14, 2017, to either respond to the motion or explain why he did not file a timely response. (Doc. #123). However, Bartole has failed to file any response to the summary judgment motion or to this court's order to show cause.

Bartole has not met his burden of setting forth facts showing any genuine issue for trial. Because there are no disputed facts material to the alleged constitutional violations, defendants are entitled to qualified immunity. Therefore, defendants' summary judgment motion should be granted as to the claims which the court has determined to be facially plausible and which are not stayed.

## Facts

The court has stated the background facts, as alleged by Bartole, in previous orders. (Doc. #11; Doc. #13; Doc. #85).

## Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment is available "'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Arena Holdings Charitable,

LLC v. Harman Prof'l, Inc., 785 F.3d 292, 293 (8th Cir. 2015) (quoting Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011)). When the record as a whole at the time of the motion "could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial," and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted). A party opposing summary judgment "'may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Wood v. SatCom Mktg., LLC, 705 F.3d 823, 828 (8th Cir. 2013) (quoting Wingate v. Gage Cty. Sch. Dist. No. 34, 528 F.3d 1074, 1078-79 (8th Cir. 2008)). As such, evidence must exist on which the jury could find for the plaintiff. Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). In ruling on a summary judgment motion, a court must view the facts "'in the light most favorable to the non-moving party.'" Id. (quoting Torgerson, 643 F.3d at 1042).

Federal Rule of Civil Procedure 56(c)(1)(A) addresses requirements for supporting facts asserted either in favor of or opposition to a motion for summary judgment. That rule provides that factual assertions must be supported by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

## Discussion

As noted in this court's order to show cause, Bartole's failure to respond to defendants' summary judgment motion could be considered an admission that the motion is well taken. (Doc. #123, p. 1) (citing D.N.D. Civ. L.R. 7.1(F)).

Additionally, in support of their summary judgment motion, defendants have filed numerous affidavits and copies of NDSH records and policies. Bartole, on the other hand, has submitted no evidence in support of his claims. His allegations alone are insufficient to meet his burden of setting forth facts showing any genuine issue for trial on any claim that the court has allowed to proceed against any defendant. Defendants' brief and exhibits demonstrate that there are no genuine issues of material fact. Because there is no disputed factual issue as to any constitutional violation, defendants are entitled to qualified immunity.

## Conclusion

For the reasons discussed above, it is **RECOMMENDED** that defendants' motion for summary judgment, (Doc. #115), be **GRANTED** in part. Specifically, defendants should be granted summary judgment as to the following:

(1) conditions of confinement claim regarding constant illumination against Kelly Bauer, Randy Switters, and Karen Stroh in their personal capacities;

(2) unreasonable seizure of personal property claim against Isaiah Kronebusch in his personal capacity;

(3) conditions of confinement claim regarding inadequate sanitation against Dr. Mark Rodlund, Travis Bullock, Wanda Bear, Alex Schweitzer, Kerry Wicks, Melanie Flynn, Kelly Bauer, Larry Culp, Dr. Rosalie Etherington, Dr. Robert Lisota, Dr. Lynne Sullivan, Dr. Jennifer Krance, Shannon Bratton, Michelle Richardson, Lynnette Himmerick, Candyce Dahnke, Stroh, Karen Marzolf, Nathan Schulte, Switters, Lorrie Carlson (referred to as Lorrie Riemann in prior orders), Eugene Ringuette, Brent Pladson,

4

Diana Welk, Terry Weippert, and Chad Shultz in their personal capacities;

(4)  failure to protect claim against Switters in his personal capacity;

(5)  conditions of confinement claim regarding the handling of his food against Pladson, Weippert, Dahnke, Bratton, Stroh, and Patel in their personal capacities;

(6)  deliberate indifference to serious medical needs claim regarding chest pains against Carlson in her personal capacity;

(7)  deliberate indifference to serious medical needs claim regarding Bartole's toe against Henderson and Patel in their personal capacities;

(8)  privacy violations claims against Flynn, Bauer, and Clifford Erickson in their personal capacities;

(9)  declaratory and injunctive relief claims against the State of North Dakota, North Dakota Department of Human Services, North Dakota Department of Corrections and Rehabilitation, and NDSH relating to failure to protect and conditions of confinement claims—including that a certain resident be kept at least 2,000 feet away from Bartole; that the court declare defendants acted unlawfully in violation of the Constitution; that the court order NDSH to provide Bartole with food not prepared at the James River Correctional Center and not handled by NDSH staff and to always provide legitimate utensils; and that the court declare defendants did not take reasonable measures to ensure Bartole's safety and that defendants' mentality is akin to criminal recklessness.

However, defendants' request that Bartole's suit be dismissed with prejudice

should be **DENIED** because certain claims, which relate to matters that are at issue in Ireland, are stayed. Specifically, claims that are stayed are those alleging:

(1) that defendants have retaliated against Bartole for his involvement in Ireland;

(2) that NDSH employs unlawful treatment programs, policies, and procedures (which includes Bartole's claims as to shame-based therapy; arbitrary and malicious progression and demotion within treatment, resulting in an inability to advance through treatment; Welk's and Bear's treatment of him; illegal searches and seizures; improper handling of grievances; NDSH's hiring policy; being "locked down" as punishment; and fabricated resident behavior writeups [RBWs], including any personal capacity claim against Henderson relating to fabricated RBWs); and

(3) that certain conditions of his confinement—an allegedly limited commissary and deliberate indifference to exercise needs—are unlawful.

Dated this 17th day of October, 2017.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

### NOTICE OF RIGHT TO OBJECT[2]

Any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **October 31, 2017**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of

---

[2] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.

any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.